
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ECLIPSE IP LLC, | ) |
| Plaintiff, | ) Civil Action No. _____ |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| CAFEPRESS INC., | ) |
| Defendant. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

For its Complaint, Plaintiff Eclipse IP LLC ("Eclipse"), by and through the undersigned counsel, alleges as follows:

### THE PARTIES

1. Eclipse is a company organized and existing under the laws of Florida and having a principal place of business address at 115 NW 17th Street, Delray Beach, Florida 33444.

2. Defendant CafePress Inc. ("Defendant") is a corporation organized and existing under the laws of Delaware with, upon information and belief, a place of business at 6901 Riverport Drive, Louisville, Kentucky 40258.

### JURISDICTION AND VENUE

3. This is a suit for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1 *et seq*.

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

6. Upon information and belief, Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Delaware.

## THE PATENTS-IN-SUIT

7. On January 25, 2011, United States Patent No. 7,876,239 ("the '239 patent"), entitled "Secure Notification Messaging Systems and Methods Using Authentication Indicia," was duly and lawfully issued by the U.S. Patent and Trademark Office. A true and correct copy of the '239 patent is attached as Exhibit A.

8. On October 10, 2006, United States Patent No. 7,119,716 ("the '716 patent"), entitled "Response Systems and Methods for Notification Systems for Modifying Future Notifications," was duly and lawfully issued by the U.S. Patent and Trademark Office. A true and correct copy of the '716 patent is attached as Exhibit B.

9. On January 25, 2011, United States Patent No. 7,319,414 ("the '414 patent"), entitled "Secure Notification Messaging Systems and Methods Using Authentication Indicia," was duly and lawfully issued by the U.S. Patent and Trademark Office. A true and correct copy of the '414 patent is attached as Exhibit C.

10. Eclipse is the assignee and owner of the right, title and interest in and to the '239, '414, and '716 patents, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,876,239

11. Eclipse repeats and realleges the allegations of paragraphs 1 through 10 as if fully set forth herein.

12. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe the '239 patent by making, using, offering for sale and/or selling within this district and elsewhere in the United States, computer-based notification systems and methods which at least provide and/or select, and enable customers to provide and/or select, authentication information for use in connection with online orders from Defendant's website, www.cafepress.com, store the authentication information, and provide the authentication information in electronic notification communications to customers in the form of, at least, emails.

13. Eclipse is entitled to recover from Defendant the damages sustained by Eclipse as a result of Defendant's infringement of the '239 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

14. Prior to the filing of this Complaint, Eclipse, by letter dated June 25, 2013, informed Defendant of Defendant's infringement of the '239 patent.

15. Thus, Defendant has been on notice of the '239 patent since at least the date it received Eclipse's letter dated June 25, 2013.

16. Upon information and belief, Defendant has not altered its infringing conduct after receiving Eclipse's letter dated June 25, 2013.

17.   Upon information and belief, Defendant's continued infringement despite its knowledge of the '239 patent and the accusations of infringement has been objectively reckless and willful.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,119,716

18.   Eclipse repeats and realleges the allegations of paragraphs 1 through 17 as if fully set forth herein.

19.   Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe the '716 patent by making, using, offering for sale and/or selling within this district and elsewhere in the United States, computer-based notification systems and methods which at least collect customers' contact data, including at least email addresses, via its website, www.cafepress.com, store the contact data in computer memory and provide electronic notification communications in the form of, at least, emails to the customers which enable the customers to respond and change the contact data, and modifying the manner in which Defendant implements future communications to such customers.

20.   Eclipse is entitled to recover from Defendant the damages sustained by Eclipse as a result of Defendant's infringement of the '716 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

21.   Prior to the filing of this Complaint, Eclipse, by letter dated June 25, 2013, informed Defendant of Defendant's infringement of the '716 patent.

22.   Thus, Defendant has been on notice of the '716 patent since at least the date it received Eclipse's letter dated June 25, 2013.

23. Upon information and belief, Defendant has not altered its infringing conduct after receiving Eclipse's letter dated June 25, 2013.

24. Upon information and belief, Defendant's continued infringement despite its knowledge of the '716 patent and the accusations of infringement has been objectively reckless and willful.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 7,319,414

25. Eclipse repeats and realleges the allegations of paragraphs 1 through 24 as if fully set forth herein.

26. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe the '414 patent by making, using, offering for sale and/or selling within this district and elsewhere in the United States, computer-based notification systems and methods which at least provide authentication information in the form of links to the Internet with notifications, including at least emails.

27. Eclipse is entitled to recover from Defendant the damages sustained by Eclipse as a result of Defendant's infringement of the '414 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

28. Prior to the filing of this Complaint, Eclipse, by letter dated June 25, 2013, informed Defendant of Defendant's infringement of the '414 patent.

29. Thus, Defendant has been on notice of the '414 patent since at least the date it received Eclipse's letter dated June 25, 2013.

30. Upon information and belief, Defendant has not altered its infringing conduct after receiving Eclipse's letter dated June 25, 2013.

31. Upon information and belief, Defendant's continued infringement despite its knowledge of the '414 patent and the accusations of infringement has been objectively reckless and willful.

## PRAYER FOR RELIEF

WHEREFORE, Eclipse requests that this Court enter judgment against Defendant as follows:

A. An adjudication that Defendant has infringed the '414, '239, and '716 patents;

B. An award of damages to be paid by Defendant adequate to compensate Eclipse for Defendant's past infringement of the '414, '239, and '716 patents and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Eclipse's reasonable attorneys' fees; and

D. To the extent Defendant's conduct subsequent to the date of its notice of the '239 and '716 patents is found to be objectively reckless, enhanced damages pursuant to 35 U.S.C. § 284 for its willful infringement of the '414, '239, and '716 patents; and

E. An award to Defendant of such further relief at law or in equity as the Court deems just and proper.

## JURY DEMAND

Eclipse demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Dated:  October 16, 2013	STAMOULIS & WEINBLATT LLC

*/s/ Richard C. Weinblatt*
Stamatios Stamoulis #4606
	stamoulis@swdelaw.com
Richard C. Weinblatt #5080
	weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone:  (302) 999-1540

*Attorneys for Plaintiff*
*Eclipse IP LLC*